## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS DIVISION

| | | |
|---|---|---|
| CORDY L. JACKSON,<br>**Plaintiff,**<br><br>vs.<br><br>HARRIS COUNTY FRESH WATER SUPPLY DISTRICT NO. 27, THOMAS E. HARD, INDIVIDUALLY and AS PRESIDENT and JACK PENNINGTON, INDIVIDUALLY and AS VICE-PRESIDENT,<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.** _____ |

### PLAINTIFF, CORDY L. JACKSON'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **CORDY L. JACKSON**, hereinafter called Plaintiff, complaining of and about **HARRIS COUNTY FRESH WATER SUPPLY DISTRICT NO. 27**, (DISTRICT) and **THOMAS E. HARD**, Individually and as President of the Board of Directors, and **JACK PENNINGTON** Individually and as Vice-President of the Board of Directors, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, **CORDY L. JACKSON**, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.      Defendant **HARRIS COUNTY FRESH WATER SUPPLY DISTRICT NO. 27** is a Harris County Texas governmental agency providing fresh water for citizens of an area of Harris County, Texas located at 5534 Wade Rd, Baytown, Texas 77521.

3.      Defendant, **THOMAS E. HARD**, Individually and as President of the Board of Directors of the District may be served at the following address: 5534 Wade Rd,

Baytown, Texas 77521 or his place of residence located at 214 Post Oak St, Baytown, Texas 77520.

4.      Defendant, **JACK PENNINGTON,** Individually and as Vice-President of the Board of Directors of District may be served at the following address: 5534 Wade Rd, Baytown, Texas 77521 or at his place of residence located at 55727 Goss Rd. Baytown, Texas 77521.

## JURISDICTION

5.      The action arises under the United States Constitution, specially, Title VII of the Civil Rights Act, the Americans with Disability Act (ADA), the Title 42 U.S.C Section 12101 et. Seq as hereinafter more fully appears.

6.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

7.      This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

8.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. A true and accurate copy of which is attached hereto as Exhibit 1

## FACTS

9.      Plaintiff, **CORDY L. JACKSON**, was employed by the Defendant, District, for over 20 years in his capacity as the service manager, responsible for all oversite of, maintenance, installation and repair for the District. Plaintiff, reported to the President of the Board, Defendant Thomas Hard and at times had interactions with other board members.

10.      Plaintiff in his private life was also a reserve officer of the armed forces of the United States, who over the course of his employment, would be called up to active duty to serve in armed conflicts as ordered by the United States Navy in his capacity as a reserve officer.

11.      As a result of his service in the military, the Plaintiff has been diagnosed by the Veterans Administration, as having a 90% disability for Post-Traumatic Stress Disorder (PTSD) due to his active duty service. Part of Plaintiff's diagnosis was that when he was placed under stress or verbally confronted in an aggressive manner, he would raise his voice and at times become animated by pointing or making jesters with his hands during a conversation. The Defendants, aware of Plaintiff's diagnosis, knew that the Plaintiff was of no threat to anyone, and conversations with the Plaintiff would need to be business-like and directly related to his position with the District.

12.      Over the course of his employment with the District, when Plaintiff would return from his periods of active duty, Plaintiff would be questioned by various members of the Board of Directors for the District regarding his disability and the benefits he was receiving from the Veterans Administration. At times he was asked by the Board to allow the Board to not provide health insurance coverage for the Plaintiff and his family, since he was already being covered as part of his military service.

13.     In December 2017, the Plaintiff was again asked about the terms of his health insurance coverage and his disability. The Plaintiff became suspicious of the questioning of the Board members since he believed that the issues regarding his disability and any benefits he received were not part of his employment status with the District. Plaintiff at that time began to believe that the Defendants were determined to terminate his employment due to his disability so as to not give him a raise and to reduce healthcare insurance costs.

14.     The Plaintiff felt that the questioning by the Plaintiff was unlawful and as such he contacted the Texas Workforce Commission to file a complaint against the District. Upon filing, the District was contacted by the Commission after which the Plaintiff was confronted by Board members regarding his disability benefits, at which point the conversation turned to accusations by Board members against the Plaintiff, alleging that the Plaintiff had stolen from the District and had claims of harassing behavior toward a customer of the District. These allegations were never substantiated and no actions against the Plaintiff were taken by the Board regarding these allegations.

15.     After the incident described above, the Plaintiff was not notified of any other complaints about his work performance. In February 2018 the District Board of Director held a monthly board meeting, at which time Plaintiff was notified in writing by the President of the Board, that his employment had been terminated due to verbally abusive language to employees, sexually threatening and yelling at co-workers and supervisors.

16.     The Plaintiff subsequently requested a copy of his employee file and found that the only corrective action ever requested by the District of the Plaintiff, was listed on May 12, 2017, which consisted of a verbal warning given to the Plaintiff, which the

Plaintiff learned had also been given to other employees of the District. There were no other official complaints or corrective actions listed in his personnel file regarding alleging harassing conduct.

17.     Plaintiff has since discovered that the Defendants had hired an attorney to conduct an investigation regarding alleged complaints against the Plaintiff. Plaintiff had not been aware of any investigation nor was he ever notified or had discussions with any investigators regarding any claims against him. No mention of any requested corrective actions required as part of the District personnel policy had been discussed or directed to him.

18.     It was apparent to the Plaintiff from the contents of the documents provided by the District, that the investigation and list of complaints were never part of his file while he was working for the District, the documents having been added to his file after his employment termination. These complaints were added to his file by the Defendants after his termination so as to have information in his file to justify his termination, since those documents were never part of his file and there were never any complaints or corrective measures taken against the Plaintiff regarding these allegations.

19.     Plaintiff would show the jury that Defendants of the District's Board of Directors sought to discriminate against the Plaintiff due to his disability. The Defendants terminated the Plaintiff's employment so as to cut costs and do away with the Plaintiff's position so as to not have to consider giving the Plaintiff a wage increase and continued health insurance benefits for the Plaintiff and his family. Defendant members of the Board of Directors sought to reduce the salary paid to the Plaintiff and limit his health care benefits and used the alleged complaints as a pretext to terminate

his employment in violation of his rights under the law.

## AMERICANS WITH DISABILITY ACT

20.    Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

21.    Defendants, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

22.    At all material times, Plaintiff was able to perform the essential functions of his position with accommodation.  Plaintiff has a disability, has a record of a disability and is regarding as having a disability which substantially limits at least one major life activity.  Plaintiff was discriminated against on the basis of his disability, record of a disability and perception of having a disability.

23.    Plaintiff alleges that Defendants, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.    Defendants intentionally or recklessly subjected the Plaintiff to distress in that he would lose his work benefits and was questioned repeatedly about his disability and his veterans benefits due to his disability.  Defendants intentionally and with malice of forethought, sought to terminate the Plaintiffs employment by not following their own stated employment polices as to an employee's rights as an employee of the District. Defendant's conduct was extreme and outrageous and proximately caused

Plaintiff severe emotional distress.  Plaintiff suffered damages for which Plaintiff herein sues.

## LIBEL

25.    Defendants agents and Board of Directors, with actual malice published a false statement of fact referring to Plaintiff which injured Plaintiff's reputation and imputed sexual misconduct against Plaintiff.  Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION

26.    Plaintiff alleges that Defendants, instituted a campaign of retaliation which included accusations of sexual harassment and threatening behavior which are not substantiated by Plaintiff's employment file, yet were given as reasons for Plaintiff's termination of employment.  This retaliation was and is due to Plaintiff exercising his rights by making a charge and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice.  Plaintiff suffered damages for which Plaintiff herein sues.

## SLANDER

27.    Defendant District, by and through Defendants **HARD** and **PENNINGTON** along with other members of the Board of Directors of the District, orally made a false statement of fact referring to Plaintiff which imputed sexual misconduct against Plaintiff.  This was done with actual malice.  Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

28.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. Lost wages and benefits in an amount within the jurisdictional limits of this Court;

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Inconvenience; and

g. Mental anguish in the future.

## EXEMPLARY DAMAGES

29.    Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **CORDY L. JACKSON**, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

R. T. Willis
Texas Bar No. 24034786
E-Mail: rtwillis@deerparklawyer.com
205 E. San Augustine, Suite B
Deer Park, Texas 77536
Tel. (281) 542-9555
Fax. (281) 542-9611
Attorney for Plaintiff
**CORDY L. JACKSON**

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY